IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. PRZYBYLA ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | Electronically Filed |
| CANON USA, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1.  This is an individual action under the Age Discrimination in Employment Act of 1967, as amended (ADEA) (29 U.S.C. §621 et seq.), the Pennsylvania Human Relations Act, as amended (PHRA)(43 Pa. C.S.A. §951 et seq.), and the Employee Retirement Income Security Act (ERISA)(29 U.S.C. §1001 et seq.) to correct unlawful employment practices on the basis of age, to collect wages and benefits unlawfully denied, and to make Plaintiff whole.

2.  Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367(a). This action is authorized and instituted pursuant to the ADEA, the PHRA and ERISA.

3.  The actions and policies alleged to be unlawful were committed in and around Irwin, Pennsylvania, where Plaintiff lives and where Plaintiff worked for Defendant and,

therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

4. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) within the relevant statutory periods, and is filing this Complaint within 90 days of receiving the Right to Sue from the EEOC (issued October 30, 2007).

## PARTIES

5. Plaintiff Edward R. Przybyla (hereinafter referred to as "Plaintiff" or "Przybyla"), has resided at all relevant times at 21 Barri Drive, Irwin, PA 15642. Plaintiff is a male, age 62 (DOB: 12/11/45).

6. Defendant Canon USA, Inc. (hereinafter referred to as "Defendant" or "Canon") is a company that manufactures, markets and services business and consumer imaging equipment and information systems, and has its headquarters at One Canon Plaza, Lake Success, NY 11042.

7. Defendant is subject to the ADEA, the PHRA and ERISA.

## BACKGROUND AND STATEMENT OF CLAIMS

8. Plaintiff was employed by Defendant as a District Account Executive from on or about October 3, 1994, until on or about January 3, 2007, when he was terminated.

9. Plaintiff was responsible for accounts in Western Pennsylvania, Ohio, West Virginia and Kentucky.

10. Plaintiff performed his job satisfactorily throughout his employment.

11. In the second half of 2006 Plaintiff was the number one salesman out of approximately 100 sales representatives/District Account Executives.

12. Defendant provides an employee welfare plan (health insurance) to its employees.

13. Plaintiff was an eligible participant in the health plan.

14. Since approximately 2003 Plaintiff had incurred significant health costs for various conditions.

15. This included open heart surgery in 2003 and again in 2005.

16. Upon information and belief Canon is self-insured for its healthcare costs.

17. Plaintiff received base pay of approximately $50,000 and also earned commissions.

18. In the year 2006 Plaintiff earned approximately $30,000 in commissions.

19. On or about January 3, 2007, Plaintiff was terminated from his position.

20. Plaintiff was told he was being terminated because of a restructuring that resulted in

elimination of his position.

21. The reason given for the termination was false.

22. The reason given for the termination was contrived by Defendant in order to terminate Plaintiff because of his age and the healthcare costs Plaintiff had incurred and would likely continue to incur.

23. Plaintiff's sales territory was given to a significantly younger worker, Greg Everett (about age 42).

24. Moreover, other significantly younger District Account Executives (Peter Billet (approximate age 45); Matt Glazier (approximate age 30); Alex Tomasevitch (approximate age 37); Andrea Casey (approximate age 35); Dennis Sasso (approximate age 46); Ray Hefner (approximate age 54); and, Gene Daly (approximate age 52)) were retained instead of Plaintiff.

25. The reason given for Plaintiff's termination was a mere pretext for age discrimination.

26. The reason given for Plaintiff's termination was also a pretext for interference with Plaintiff's continuing receipt of healthcare benefits through the company-provided plan and in discrimination against Plaintiff for his having incurred significant healthcare costs in the years leading up to his termination and in order to prevent Plaintiff from incurring such costs in the future on Defendant's healthcare plan.

## COUNT I: AGE DISCRIMINATION (ADEA / PHRA)

27. Plaintiff hereby incorporated by reference Paragraphs 1 through 26 of his Complaint as though the same were more fully set forth herein.

28. Plaintiff is in the protected group (over the age of 40).

29. Plaintiff is qualified for the position in question (District Account Executive).

30. Plaintiff suffered an adverse employment action (termination).

31. Younger workers with comparable or inferior qualifications and performance have been retained and/or have replaced Plaintiff.

32. Plaintiff's replacements have inferior qualifications and experience.

33. Defendant's motive in demoting and terminating Plaintiff and retaining younger less-qualified individuals was age discrimination and a preference for younger workers.

34. Defendant's actions are a violation of the ADEA and the PHRA.

35. Defendant's violations of the law have been knowing and willful.

36. Plaintiff has suffered loss of job, mental anguish, loss of future earnings and loss of benefits as a result of the unlawful actions by Defendant.

37. Plaintiff is seeking lost wages, liquidated damages, lost benefits (including retirement and health benefits), compensatory damages (under the PHRA), attorney's fees and costs.

**COUNT II: ERISA (INTERFERENCE WITH RECEIPT OF BENEFITS - (Section 502) 29 U.S.C. §1132 / DISCRIMINATION AGAINST A PARTICIPANT - 29 U.S.C. §1140)**

38. Plaintiff hereby incorporates Paragraphs 1 through 37 of his Complaint as though the same were more fully set forth at length herein.

39. Plaintiff was an employee of Defendant Canon within the meaning of ERISA.

40. Defendant offers a health welfare plan to its employees, including Plaintiff, within the meaning of ERISA.

41. Defendant terminated Plaintiff's employment in order to interfere with Plaintiff's continuing participation in the plan and to discriminate against Plaintiff for his having incurred significant healthcare costs in the years leading up to his termination.

42. Defendant's actions are in violation of ERISA.

43. Defendant's violations of the law have been knowing and willful.

44. Plaintiff has suffered loss of job, loss of future earnings and loss of benefits as a result of the unlawful actions by Defendant.

45. Plaintiff is seeking lost wages, liquidated damages, lost benefits (including retirement and

health benefits), attorney's fees and costs.

**PRAYER FOR RELIEF**

46. WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Order Defendant to make Plaintiff whole by paying monetary damages, liquidated damages, interest and other affirmative relief, including reinstatement, necessary to eradicate the effects of its deprivation of Plaintiff's civil rights and its other unlawful actions.

   B. Order Defendant to pay compensatory damages to Plaintiff for the injuries to his reputation, and the emotional distress, sustained as a result of Defendant's illegal actions.

   C. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

   D. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA  15222-1923
(412) 281-1110
(412) 281-8481 FAX
jchivers@employmentrightsgroup.com

Counsel for Plaintiff
Edward R. Przybyla

DATED: January 21, 2008