**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Edward R. Przybyla, ) | |
| ) | Civil Action No. 2:08-cv-00084-GLL |
| Plaintiff, ) | |
| ) | Judge Gary L. Lancaster |
| v. ) | |
| ) | |
| Canon U.S.A., Inc. ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND COUNTERCLAIM TO COMPLAINT**

For its answer to the Complaint of Plaintiff Edward R. Przybyla ("Plaintiff") in the above-captioned action ("Complaint") and for its counterclaim against Plaintiff, Defendant Canon U.S.A., Inc. ("Defendant" or "CUSA") states as follows:

1. In response to the allegations of Paragraph 1 of the Complaint, CUSA admits that Plaintiff purports to bring claims under the identified statutes, but denies that Plaintiff has any viable claim under any of these statutes.

2. In response to the allegations in Paragraph 2 of the Complaint, CUSA admits that Plaintiff purports to assert jurisdiction pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1337(a), and admits that jurisdiction is proper in this Court.

3. In response to the allegations in Paragraph 3 of the Complaint, CUSA admits that this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and that venue is proper.

4. In response to the allegations in Paragraph 4 of the Complaint, CUSA admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission on or about July 6, 2007, and

that the EEOC concluded that the evidence did not support Plaintiff's allegations in his charge and dismissed that charge, issuing a Notice of Right to Sue dated October 30, 2007. CUSA denies the remaining allegations in this paragraph.

## PARTIES

5. In response to the allegations in Paragraph 5 of the Complaint, CUSA states that it lacks sufficient information to admit or deny the allegations made, but further states that its records reflect that during the time of his employment Plaintiff resided at 2121 Barri Drive, Irwin, Pennsylvania 15642, that he is male, and that his date of birth is December 11, 1945.

6. In response to the allegations in Paragraph 6 of the Complaint, CUSA admits that it markets and services business and consumer imaging equipment and information systems and has its headquarters at One Canon Plaza, Lake Success, New York 11042, but denies the remaining allegations in this paragraph.

7. In response to the allegations in Paragraph 7 of the Complaint, CUSA states that the allegations are insufficiently precise to admit or deny, but CUSA further admits that it meets the statutory requirements such that the ADEA, the PHRA, and ERISA apply to CUSA under some circumstances and in some cases.

## BACKGROUND AND STATEMENT OF CLAIMS

8. In response to the allegations in Paragraph 8, CUSA admits that Plaintiff became one of its employees on or about October 3, 1994, but denies the remaining allegations in this paragraph. CUSA further states that Plaintiff knew at least by January 3, 2007, that his employment would be ending, but that his employment did not actually end until March 2, 2007, because of CUSA's accommodation to Plaintiff allowing him to continue to be employed while he had surgery on his knee and during the recuperative period. CUSA also states that at the time

his employment ended Plaintiff's position was District Account Executive and that Plaintiff held this position through most of his employment with CUSA.

9. In response to the allegations in Paragraph 9, CUSA admits that Plaintiff had responsibility for customers or accounts in Western Pennsylvania, Ohio, and Kentucky but denies the remaining allegations in this paragraph.

10. In response to the allegations in Paragraph 10, CUSA states that Plaintiff's allegations are too vague either to admit or deny, but admits that CUSA did not terminate Plaintiff's employment due to unsatisfactory job performance.

11. In response to the allegations in Paragraph 11 of the Complaint, CUSA states that Plaintiff's allegations are too vague either to admit or deny and further states that Plaintiff was not its top or best salesperson but in one measure of performance Plaintiff was first among the other District Account Executives.

12. In response to the allegations in Paragraph 12, CUSA admits that it provides its full-time employees with health insurance.

13. In response to the allegations in Paragraph 13, CUSA admits that during his employment Plaintiff was eligible to participate in CUSA's health plan.

14. In response to the allegations in Paragraph 14, CUSA states that it is without sufficient information to determine the accuracy of the allegations contained in this paragraph and therefore denies the allegations.

15. In response to the allegations in Paragraph 15, CUSA states that it lacks sufficient information to determine the accuracy of the allegations in this paragraph and therefore denies such allegations.

16. In response to the allegations in Paragraph 16, CUSA admits that for some health care costs it is self-insured.

17. In response to the allegations in Paragraph 17, CUSA admits that Plaintiff received a base salary and commissions, but denies that Plaintiff's base salary was $50,000 and further states that effective on or about May 24, 2006, Plaintiff's base pay was increased to $49,150.00 annually and that prior to that change his base pay was $47,720.00 annually.

18. In response to the allegations in Paragraph 18, CUSA denies that Plaintiff earned $30,000 in commissions in 2006.

19. CUSA denies the allegations in Paragraph 19 of the Complaint.

20. In response to the allegations in Paragraph 20, CUSA admits that Plaintiff was informed that his position was being eliminated because of a restructuring, but denies that Plaintiff was told his employment would have to be terminated as well. Canon further states that Plaintiff was offered the opportunity to continue working with CUSA, and Plaintiff rejected that opportunity.

21. CUSA denies the allegations in Paragraph 21 of the Complaint.

22. CUSA denies the allegations in Paragraph 22 of the Complaint.

23. In response to the allegations in Paragraph 23, CUSA states that the allegations are too vague to admit or deny, but CUSA further states that Greg Everett was assigned the sales territory substantially created by combining his territory and Plaintiff's sales territory. CUSA further states that Greg Everett was 46 years old and had worked at the company 10 years longer than Plaintiff at the time this decision was made.

24. In response to the allegations in Paragraph 24, CUSA admits that other District Account Executives continued to be employed with CUSA after this reorganization, and that

some District Account Executives who were retained were younger than Plaintiff, but denies the remaining allegations in this paragraph.

25. CUSA denies the allegations in Paragraph 25 of the Complaint.

26. CUSA denies the allegations in Paragraph 26 of the Complaint.

## COUNT I: AGE DISCRIMINATION

27. In response to the allegations in Paragraph 27 of the Complaint, CUSA restates and incorporates herein by reference the paragraphs above.

28. In response to the allegations in Paragraph 28 of the Complaint, CUSA admits that Plaintiff is over the age of 40.

29. In response to the allegations in Paragraph 29 of the Complaint, CUSA admits that Plaintiff met the minimum qualifications for the position of District Account Executive.

30. CUSA denies the allegations in Paragraph 30.

31. In response to the allegations in Paragraph 31 of the Complaint, CUSA admits that employees younger than Plaintiff have continued to be employed with CUSA, but denies the remaining allegations in this paragraph.

32. CUSA denies the allegations in Paragraph 32 of the Complaint.

33. CUSA denies the allegations in Paragraph 33 of the Complaint.

34. CUSA denies the allegations in Paragraph 34 of the Complaint.

35. CUSA denies the allegations in Paragraph 35 of the Complaint.

36. CUSA denies the allegations in Paragraph 36 of the Complaint.

37. In response to the allegations in Paragraph 37 of the Complaint, CUSA admits that Plaintiff is seeking the remedies identified in this paragraph, but denies that Plaintiff is entitled to any such remedies.

## COUNT III: ERISA

38. CUSA incorporates and restates herein by reference the paragraphs above.

39. In response to the allegations in Paragraph 39 of the Complaint, CUSA admits that, before Plaintiff's employment with CUSA ended, he was an employee within the meaning of ERISA.

40. In response to the allegations in Paragraph 40 of the Complaint, CUSA admits that it offers a health welfare plan to its full-time employees, and that during the time Plaintiff was an employee he was eligible to participate in this health welfare plan.

41. CUSA denies the allegations in Paragraph 41 of the Complaint.

42. CUSA denies the allegations in Paragraph 42 of the Complaint.

43. CUSA denies the allegations in Paragraph 43 of the Complaint.

44. CUSA denies the allegations in Paragraph 44 of the Complaint.

45. In response to the allegations in Paragraph 45 of the Complaint, CUSA admits that Plaintiff is seeking the remedies identified, but denies that Plaintiff is entitled to any such remedies.

46. Except as expressly admitted herein, CUSA denies each and every allegation in Plaintiff's Complaint.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to state any cause of action against Defendant.

### SECOND DEFENSE

Plaintiff's injuries, if any, were caused by his own conduct or the actions of other persons or entities, not by action or omission of Defendant or any of Defendant's employees or agents.

### THIRD DEFENSE

All actions taken by Defendant were justified.

### FOURTH DEFENSE

All actions taken by Defendant were in good faith.

### FIFTH DEFENSE

All actions taken by Defendant were a proper exercise of its rights.

### SIXTH DEFENSE

All actions taken by Defendant were without bias, ill will or malice.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by various equitable doctrines, including without limitation, the doctrine of estoppel, laches, unclean hands, and/or waiver.

### NINTH DEFENSE

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, accommodate, and/or correct any damages, harmful conduct, problem, or complaint.

### TENTH DEFENSE

Any and all actions of Defendant were undertaken for legitimate business purposes and without discriminatory or unlawful purpose or motive.

### ELEVENTH DEFENSE

Plaintiff unreasonably failed to avoid harm and/or mitigate his damages.

**TWELFTH DEFENSE**

Defendant denies any involvement in any unlawful actions or discrimination towards Plaintiff, but in any event, regardless of any action or inaction by Defendant, the actions and decisions affecting Plaintiff still would have been the same.

**THIRTEENTH DEFENSE**

Any damage, loss, or injury Plaintiff may have suffered was not caused by or attributable to Defendant.

**FOURTEENTH DEFENSE**

Plaintiff's claims may be barred in whole or in part for failure to meet all the prerequisites to suit including, without limitation, timely filing of the proper administrative claims and exhaustion of administrative remedies and/or claims and dispute resolution procedures required by ERISA and/or CUSA's benefits plans and contracts.

**COUNTERCLAIM**

For its counterclaim against Plaintiff Edward Przybyla, Defendant Canon U.S.A., Inc. states and alleges as follows:

1. On or about October 30, 2006, Plaintiff received a bonus from CUSA.

2. The amount of Plaintiff's bonus was erroneously calculated, resulting in an overpayment to Plaintiff of approximately $4,220.

3. Plaintiff knew or should have known that he was erroneously overpaid but nevertheless kept the overpayment to which he had no right or claim.

4. CUSA informed Plaintiff of the mistake and overpayment on his bonus.

5. Plaintiff has refused to repay CUSA the amount of the overpayment on his bonus.

6. CUSA is entitled to recover the amount of the overpayment on the bonus to Plaintiff plus interest.

WHEREFORE, Defendant Canon U.S.A., Inc. prays for judgment as follows:

1. Dismissing Plaintiff's Complaint in its entirety with prejudice;

2. Denying all relief sought by Plaintiff;

3. Awarding judgment in favor of Defendant CUSA on its Counterclaim and awarding CUSA judgment in the amount of $4,220 plus prejudgment and post-judgment interest;

4. Awarding Defendant CUSA its expenses, costs, and attorneys fees;

5. Granting Defendant CUSA such other and further relief as is just and proper.

DATED this 4th day of March, 2008        JACKSON LEWIS LLP

By *s/A. Patricia Diulus-Myers*
   A. Patricia Diulus-Myers
   PA ID #33337
   diulusmp@jacksonlewis.com
   Craig W. Snethen
   PA ID #86050
   snethenc@jacksonlewis.com
   One PPG Place, 28th Floor
   Pittsburgh, PA 15222
   Telephone: (412) 232-0404
   Facsimile: (412) 232-3441

and

DORSEY & WHITNEY LLP

   Joseph W. Hammell (pro hac vice pending)
   Nicole Haaning (pro hac vice pending)
   50 South Sixth Street, Suite 1500
   Minneapolis, MN 55402-1498
   Telephone: (612) 340-7897
   Facsimile: (612) 340-2868

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph H. Chivers, Esquire
312 Boulevard of the Allies, Suite 600
Pittsburgh, PA  15222


/s/ A. Patricia Diulus-Myers
A. Patricia Diulus-Myers